IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

COOPER TIRE & RUBBER COMPANY,    )
    )
        Plaintiff,    )
    )
    )    CIV-06-693-HE
v.    )
    )
RICH TIRE COMPANY, et al.,    )
    )
        Defendants,    )
    )
and    )
    )
EXCHANGE NATIONAL BANK,    )
    )
        Garnishee.    )

## REPORT AND RECOMMENDATION

Before the Court is the claim for exemption and request for hearing filed by Defendants William E. Rich and Anita M. Rich. The matter has been referred to the undersigned Magistrate Judge by United States District Judge Joe Heaton for initial proceedings consistent with 28 U.S.C. §636(b)(3). As this is a post-judgment matter, a report and recommendation is entered. 28 U.S.C. § 636(b); Colo. Bldg. and Constr. Trades Council v. B. B. Andersen Constr. Co., Inc., 879 F.2d 809 (10th Cir. 1989).

This garnishment was initiated by Plaintiff in an attempt to execute on the judgment entered in their favor in this matter on January 4, 2007, against Defendants in the amount of $681,528.41. A motion by Plaintiff for Defendants to appear and answer concerning

1

property and assets has been referred by United States District Judge Joe Heaton to the undersigned Magistrate Judge, and the hearing on assets is currently set for March 13, 2007.

On February 12, 2007, Defendants William E. Rich and Anita M. Rich filed their claim for exemption and request for hearing, in which Defendants state that the amount of $2,187.15 of the funds sought by Plaintiff in the garnishment proceeding is exempt because this amount represents (1) social security benefits exempt from post-judgment execution pursuant to 42 U.S.C. § 407 and (2) personal current wages exempt from execution pursuant to Okla. Stat. tit. 31, § 1(A)(18).  Plaintiff and Defendants have presented an Agreed Order on Claim for Exemption signed by the parties reflecting the parties' agreement that the Defendants' claim for exemption should be granted and the amount of $2,187.15 should be reimbursed to Defendants William E. Rich and Anita M. Rich from garnishment funds currently held by the Court Clerk, Plaintiff or Garnishee Exchange National Bank.

Proceedings supplementary to and in aid of execution of a judgment in federal court are determined in accordance with the procedure and practice of the state in which the federal court sits. Fed. R. Civ. P. 69.  In Oklahoma, "[g]arnishment after judgment is an equitable execution and equitable principals [sic] should apply." Wilhite v. Whilhite, 546 P.2d 612, 615 (Okla. 1976).  "[T]he trial court, upon hearing a statutory form application for exemption or motion for exemption, may modify or stay the garnishment." Hillcrest Medical Center v. Monroy, 38 P.3d 931, 936 (Okla. Civ. App. 2001).  The "exemption statutes, being remedial, will be liberally construed, and the debtor will generally be given the benefit of the doubt." Muskogee Regional Medical Authority v. Perkins, 888 P.2d 1033, 1035 (Okla. Civ. App.

2

1994).

Because the Plaintiff has no objection to the claim for exemption filed by Defendants William E. Rich and Anita M. Rich, the individual Defendants' claim for exemption should be granted and an order entered consistent with the Agreed Order on Claim for Exemption presented by the parties, and the individual Defendants' request for hearing on the claim for exemption should be denied as moot.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Claim for Exemption and Request for Hearing (Doc. # 55) filed by Defendants William E. Rich and Anita M. Rich should be granted in part and denied in part, and the Court should grant the Defendants' Claim for Exemption as to $2,187.15 of the funds currently held by Plaintiff, the Court Clerk, or the Garnishee pursuant to the garnishment process issued in this matter, as set forth in the Agreed Order on Claim for Exemption filed by the parties, and direct the reimbursement of this amount to Defendants William E. Rich and Anita M. Rich.  In consideration of the stipulated agreement of the parties with respect to the Claim for Exemption, the Request for Hearing should be denied as moot. Garnishee and the parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by __March 22[nd]__, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The garnishee and the parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___1st___ day of ____March_____, 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE